IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

June 2, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

JANET G. SEALS                    )  JEFFERSON COUNTY
                                  )  03A01-9808-CV-00269
         Plaintiff-Appellant     )
                                  )
                                  )
         v.                       )  HON. REX HENRY OGLE,
                                  )  JUDGE
                                  )
JEFFERSON CITY, TENNESSEE and     )
JEFFERSON COUNTY, TENNESSEE       )
                                  )
         Defendants-Appellees     )  AFFIRMED AND REMANDED


CLYDE A. DUNN OF NEWPORT FOR APPELLANT

JEFFREY L. JONES and STEVEN DOUGLAS DRINNON OF DANDRIDGE and
TERRY D. TUCKER OF JEFFERSON CITY FOR APPELLEES



O P I N I O N



Goddard, P.J.



The issue presented by this appeal is whether an amendment to T.C.A. 50-1-304 (commonly known as the Whistle Blower Statute), which brought employees of the State of Tennessee within its purview, should be given retrospective effect.

The Trial Judge held that it should not, resulting in this appeal.

Plaintiff Janet G. Seals was formerly an employee of Jefferson Memorial hospital, which is operated as a joint enterprise by Jefferson City and Jefferson County. Section 4 of the complaint accurately states the facts necessary for disposition of this appeal:

> 4. Plaintiff was employed by Hospital as a pharmacist in the Hospital's pharmacy. During the early part of 1997, plaintiff observed certain activities and procedures regarding the Hospital's dispensing to patients of out of date drugs and the borrowing by the Hospital of scheduled II drugs and other irregular activities which were in violation of Federal Regulations and in violation of Tennessee Statutes. Plaintiff immediately reported the violations to the Hospital's Risk Management Officer, which person directed the plaintiff to reduce her observations of the irregularities in writing to the Chief Administrator of the Hospital. The Hospital Administrator then confronted the Hospital's Chief Pharmacist about the allegations contained in plaintiff's report. Two days later, the Chief Pharmacist fired plaintiff for reporting the law violations to the Administrator.

T.C.A. 50-1-304 was amended by a Public Act, which became effective on June 13, 1997, as follows:

> (g) As used in this section:
>
> (1) "Employee" includes an employee of the state, or any municipality, county, department, board, commission, agency, instrumentality, political subdivision or any other entity thereof; and
> (2) "Employer" includes also the state, or any municipality, county, department, board, commission, agency, instrumentality, political subdivision or any other entity thereof.

2

Prior to adoption of the amendment, our appellate courts had held that the Tennessee Governmental Tort Liability Act did not remove the immunity of governmental entities as to certain claims. Jacox v. Memphis City Board of Education, 604 S.W.2d 872 (Tenn.App.1980) (libel and slander); Montgomery v. Mayor of City of Covington, 778 S.W.2d 444 (Tenn.App.1988) (retaliatory or wrongful discharge); Williams v. Williamson County Board of Education, 890 S.W.2d 788 (Tenn.App.1994) (retaliatory discharge).

Moreover, a District Court case, Ketron v. Chattanooga-Hamilton County Hosp., 919 F.Supp. 280 (E.D.Tenn. 1996), which is, of course, persuasive authority, finds a government entity immune in a case alleging violation of T.C.A. 50-1-304.

Additionally, as to T.C.A. 50-1-304 as originally passed, we point out that as a general rule statutes do not apply to the State or its political subdivisions unless specifically mandated.

In Keeble v. City of Alcoa, 204 Tenn. 286, 289, 319 S.W.2d 249, 250 (1958), the Court stated the rule thusly:

> Tennessee has long been committed to the rule that a state, or political subdivision thereof, is not subject to a statute unless specifically mentioned therein or unless application thereto is necessarily implied. The latest expression of this rule is in Davidson County v. Harmon, 200 Tenn. 575, 582, 292 S.W.2d 777, 780, in which a number of Tennessee cases are cited and from one of which, i. e. Mayor and

3

> Aldermen of Morristown v. Hamblen County, 136 Tenn.
> 242, 188 S.W. 796, 797, there is quoted a Pennsylvania
> case, Jones v. Tatham, 20 Pa. 398, as follows:
>
> > "The general business of the legislative power is
> > to establish laws for individuals, not for the
> > sovereign; and, when the rights of the commonwealth
> > are to be transferred or affected, the intention must
> > be plainly expressed or necessarily implied."

Counsel for Ms. Seals concedes that, as a general rule, statutes are not given retrospective effect, Woods v. TRW, Inc., 557 S.W.2d 274 (Tenn.1977), unless they are remedial, interpretive or procedural. Saylors v. Riggsbee, 544 S.W.2d 609 (Tenn.1976). Saylors also holds that the test for determining whether a statute is substantive or procedural is whether it would disturb vested rights or contractual obligations. Where it does not it is considered remedial.

In the case a bar it is clear that the vested rights of the Defendants would be disturbed by the amendment. Notwithstanding the foregoing, counsel for Ms. Seals insists that the amendment is remedial and relies upon its legislative history, which he filed as a part of the record.

As to this point, we note that the Senate and House sponsors, when addressing the amendment ultimately adopted, stated the following:

SENATE SPONSOR

4

All of us of this General Assembly thought that when we passed this language it said no employee, that it meant what it said, but apparently there are some Courts that have decided that meant some employees. What this legislation does in the form that I will present to you with the amendment is to make clear that when we said a employee, we meant all employees and we were not trying to leave anybody out. There have apparently been a couple of courts that at least decided that county and

local employees are not covered by this and I think that if we want anybody in particular to be covered, to make sure that illegal activities are reported, it would be government employees. Mr. Speaker with that explanation I move.


HOUSE SPONSOR

What this legislation does is make clear that the whistle blower law protections that extend to government employees also extend to those employees that may be in a local or (let the house be in order) these amendments simply clarify that an employee of a governmental agency that my [sic] be state or local, when the position is funded by federal dollars, that they are likewise covered by the whistle blower act whereby someone cannot be retaliated against if they report wrong doings or criminal actions on the part of the agency and these amendments that were adopted in the Senate, that were presented by the Senate sponsor, I think clarify even further what we were intending to do. I renew my Motion.


We seriously question whether the foregoing could be deemed legislative history because it is the statement of only two members of the General Assembly as to the intent of the members of an earlier General Assembly which passed the statute sought to be amended. In this regard we note that several jurisdictions have held that the opinions of individual legislators or the testimony of members as to the intention of the legislation enacted in a statute may not be given consideration. <u>Wiseman v. Madison Cadillac Co.</u>, 88 S.W.2d 1007

5

(Ark.1935); <u>Tennant v. Kuhlemeier</u>, 120 N.W. 689 (Iowa 1909); <u>Board of Education v. Presque Isle County Board of Education</u>, 111 N.W.2d 853 (Mich.1961); <u>D & W, Inc. v. City of Charlotte</u>, 151 S.E.2d 241 (N.C.1966).

We accordingly conclude that the statements of the members of the General Assembly do not supply sufficient legislative history to overcome case law regarding applicability of statutes to governmental entities.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Ms. Seals and her surety.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.